TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone:  310.474.9111
Facsimile:   310.474.8585

GARY S. GRAIFMAN (*pro hac vice* to be filed)
ggraifman@kgglaw.com
MELISSA R. EMERT (*pro hac vice* to be filed)
memert@kgglaw.com
**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Road
Montvale, New Jersey 07645
Telephone: (201) 391-7000
Facsimile:  (201) 307-0186

*Attorneys for Plaintiff and the Proposed Class*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCINE BLAIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>    v.<br><br>AUTOMATIC FUNDS TRANSFER SERVICES, INC.,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Francine Blain ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge of facts pertaining to herself and on information and belief as to all other matters, by and through undersigned counsel, brings this Class Action Complaint against Defendant Automatic Funds Transfer Services, Inc., ("AFTS" or "Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action on behalf of herself and all others similarly situated whose private information, including their names, addresses, license plate numbers, and vehicle identification numbers ("VIN") (collectively "Personal Information") was illegally obtained through a data breach (the "Data Breach") of the systems of AFTS, and have been damaged thereby.

2. AFTS is a payment and data processing company and address verification service used by various governmental entities throughout the United States, including the California Department of Motor Vehicle (the "DMV").

3. Since 2019, AFTS has been under contract with the DMV to provide it with services including verifying change of addresses by cross referencing addresses with a national data base as part of a process to ensure that the address to which a vehicle registration renewal notices are mailed are correct.

4. In its capacity, AFTS is a contractor for and/or an agent of the DMV, carrying out certain data storage and/or notice functions at the request of the DMV.

5. In that capacity, AFTS had access to approximately 20 months of California registration records containing the names, addresses, license plate numbers and VINs of California drivers.

6. On February 17, 2021, the DMV announced that AFTS had been the subject of a data breach and ransomware attack (the "Data Breach"), that may have compromised "the last 20 months of California vehicle registration records that contains the names, addresses, license plate numbers and vehicles identification numbers," causing the DMV

to stop all transfers to AFTS. Estimates indicate that approximately 38 million records were taken in the Data Breach.

7. The DMV reported the Data Breach to law enforcement officials including the Federal Bureau of Investigation ("FBI") and urged customers to report any suspicious activity to law enforcement officials, further stating that it would continue to monitor the situation.

8. According to DMV announcements, AFTS was hit by the Data Breach at some time between February 3 and February 4 when a cybercrime gang known as "Cuba Ransomware" stole unencrypted files and deployed the ransomware.

9. Although the DMV initially indicated that it was unclear whether the stolen data had actually been viewed or stolen in the attack, cyber investigators have found that the hackers have begun selling AFTS's stolen data on their data leak site.[1]

10. Cuba Ransomware has a data leak page in which it specifically boasts of having information from the February 4 Data Breach, from AFTS for sale. If Cuba Ransomware cannot find a buyer, it is likely to release this private information for free.

11. AFTS has said little in response. When the Date Breach first occurred, its website indicated that it was down. It now says that site is undergoing renovations.

12. Under the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725, (the "DPPA") protected personal information includes any information contained in the motor vehicle records that "identifies or describes an individual, including but not limited to their name, address, and driver identification number." Anyone who is an authorized recipient of such information, may not disclose it except for certain limited purposes, and not to hackers or those seeking ransom.

---

[1] Lawrence Abrams, *US cities disclose data breaches after vendor's ransomware attack*, BLEEPING COMPUTER (Feb. 18, 2021, 11:02 p.m.), https://www.bleepingcomputer.com/news/security/us-cities-disclose-data-breaches-after-vendors-ransomware-attack/#:~:text=The%20City%20of%20Seattle%20has,%2C%20printing%2C%20and%20mailing%20services.

13. AFTS disclosed this Personal Information in violation of the DPPA, among other statutes and laws, thereby causing damage to Plaintiff and Class members whose information is now in the hands of criminals seeking to sell the data. Class members thus face a substantial risk of identity theft and fraud and must take immediate and time-consuming action to protect themselves from such identity theft and fraud.

14. The data stolen has intrinsic value. For example, last year it was reported[2] that California's DMV made more than $50 million a year by selling drivers' personal information, including to bondsmen and private investigators.[3] [4]

15. Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of future fraud and identity theft and the misuse posed by her Personal Information being placed in the hands of criminals who have taken the information for the sole purpose of using it to monetize their theft. Plaintiff has a continuing interest in ensuring that her Personal Information, which remains in the possession of Defendant, is protected and safeguarded from future breaches. Moreover, Plaintiff and the Class have, at minimum, suffered nominal damages by virtue of the theft, loss of information, loss of time and money devoted to mitigation and remedial efforts. Plaintiff thus brings this action to remedy such breaches and obtain compensation for herself and Class members.

16. The DMV Data Breach was caused and enabled by Defendant's knowing violation of its obligations to abide by best practices and industry standards in protecting

---

[2] Joseph Cox, *The California DMV is Making $50M a Year Selling Drivers' Personal Information*, VICE (Nov. 25, 2019, 8:05 a.m.), https://www.vice.com/en/article/evjekz/the-california-dmv-is-making-dollar50m-a-year-selling-drivers-personal-information.

[3] Joseph Cox, *California DMV is Selling Drivers' Data to Private Investigators*, VICE (Aug. 18, 2020 at 9:17 a.m.), https://www.vice.com/en/article/dyzeza/california-dmv-data-private-investigators.

[4] Zack Whittaker, *Data breach warning after California DMV contractor hit by file-stealing ransomware*, TECHCRUCH (Feb. 18, 2021, 7:21 a.m.), https://techcruch.com/2021/02/18/california-motor-vehicles-afts-ransomware/.

- 3 -
CLASS ACTION COMPLAINT

Plaintiff's and Class members' Personal Information and/or its negligence in protecting Class members' Personal Information. Defendant's ongoing failure to maintain and comply with security standards prior to February 2021 allowed their customers' Personal Information to be compromised.

17. Defendant also failed to disclose the extent of the Data Breach and notify the affected Class members in a timely manner. Defendant failed to take other reasonable steps to clearly and conspicuously inform the Class members of the nature and extent of the DMV Data Breach. By failing to provide adequate notice, Defendant prevented Plaintiff and Class members from protecting themselves from the Data Breach.

18. Plaintiff retains a significant interest in ensuring that her Personal Information is protected from further breaches, and seeks to remedy the harms she has suffered on behalf of herself and similarly situated consumers whose Personal Information was stolen as a result of the Data Breach of the DMV Personal Information. Plaintiff asserts claims against Defendant for violations of the state law data breach statute, state law privacy statute and negligence. Plaintiff, on behalf of herself and similarly situated consumers, seeks to recover damages, including actual and statutory damages, and equitable relief, including injunctive relief to prevent a recurrence of the data breach and resulting injury, restitution, disgorgement and reasonable costs and attorneys' fees.

## **PARTIES**

19. Plaintiff Francine Blain is a citizen of California and resides in Los Angeles County. Plaintiff registered and re-registered her vehicle with the DMV in December 2019 and December 2020, respectively.

20. Defendant AFTS is a Washington corporation with a principal place of business in Seattle, Washington.

## **JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this civil action arises under statutes of the United States, specifically the Driver's Protection Act. This Court also has subject matter jurisdiction over

this action pursuant to 28 U.S.C.§1332 of the Class Action Fairness Act of 2005 because: (1) there are 100 or more class members, (2) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs; and (3) there is minimal diversity because at least one plaintiff and one defendant are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.§1367.

22. The Court has personal jurisdiction over AFTS because AFTS does business in California, and AFTS has sufficient minimal contacts with and otherwise intentionally avails itself of the markets in California through its promotion, marketing and sale of payment, address verification and invoice processing services, among other things.

23. Venue properly lies in this district pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district and Plaintiff resides in this judicial district.

## FACTUAL ALLEGATIONS

24. AFTS is a payment and data processing company and address verification service used by various governmental entities throughout the United States, to, for instance, invoice customers for their utilities and other services, and for keeping scanned copies of paper checks and other sensitive personal information.

25. Since 2019, AFTS has been under contract with the DMV to provide it with services including verifying change of addresses by cross referencing addresses with a national data base as part of a process to ensure that the address to which vehicle registration renewal notices are mailed are correct.

26. In that capacity, AFTS had access to approximately 20 months of California registration records containing the names, addresses, license plate numbers and VINs of California drivers—information considered sensitive under the DPPA.

27. On February 17, 2021, the DMV announced that AFTS had been the subject of the Data Breach, including the ransomware attack, that may have compromised "the last 20 months of California vehicle registration records that contains the names, addresses,

license plate numbers and vehicles identification numbers", causing the DMV to stop all transfers to AFTS.

28. The Data Breach occurred on or about February 3, when "Cuba Ransomware" stole unencrypted files and deployed the ransomware.

29. The cyberattack in this case caused significant disruption to AFTS' business operations, making its website unavailable and impacting payment processing.

30. Generally, a ransomware attack is a form of malware designed to encrypt files on a device, rendering any files and the systems that rely on them unusable. Malicious actors then demand ransom in exchange for decryption.

31. As here, the ransomware actors threaten to sell or leak exfiltrated or authentication information if the ransom is not paid.

32. Experts have indicated that this data will be of value to criminals. As data security expert Robert Prigge, CEO of Junio, explained in a recent article, "Fraudsters can leverage the breached information to impersonate victims, access accounts set up with this information, submit fraudulent insurance claims or combine it with other exposed data to gain access to even more user accounts."[5]

33. Hacking and the ransoming of sensitive information of third-party vendors have been particularly prevalent recently, including Accellion (file sharing), and Blackbaud, Inc. (fund raising platform) putting third party vendors with highly sensitive personal information on notice that they are the target of hackers and those engaged in ransomware. As hackers know, a single, successful attack can spawn a data breach with a very wide net.

34. Accordingly, these types of attacks should be anticipated by companies that store sensitive and personally identifying information, and companies storing this type of

---

[5] Tim Sandle, *Hackers have California's driver agency user data*, DIGITAL JOURNAL (Feb. 27, 2021), http://www.digitaljournal.com/tech-and-science/technology/hackers-have-california-s-driver-agency-user-data/article/585963.

data must ensure that data privacy and security is adequate to protect against and prevent ransomware and other types of known attacks.

35. Despite the known risk of data breaches and the widespread publicity and industry alerts regarding other notable (similar) data breaches, AFTS failed to take reasonable steps to adequately protect its systems from being breached.

36. AFTS is, and at all relevant times has been, aware that the sensitive Personal Information it maintains regarding driver registrations is highly sensitive. As a company that provides address verification and other services involving highly sensitive and identifying information, AFTS is aware of the importance of safeguarding that information and protecting its systems from vulnerabilities, such as a ransomware attack.

37. AFTS was aware, or should have been aware, of regulatory and industry guidance regarding data security, and it was alerted to the risk associated with failing to ensure that its computer and other systems were adequately secured.

38. Despite the well-known risks of a ransomware and other similar intrusion to third party vendors with access to sensitive and private information, AFTS failed to maintain its data security systems in a way that would have prevented the Data Breach.

39. AFTS's security measures and its standards failed to comply with industry best practices and standards. Had AFTS maintained its information technology systems, adequately protected them, and had adequate security safeguards in place, it could have prevented the Data Breach.

40. Despite the fact that AFTS was on notice of the very real possibility of data theft associated with its security practices and that AFTS knew or should have known about the elementary infirmities associated with its security systems, it still failed to make necessary changes to its security practices and protocols, and permitted a massive intrusion to occur that allegedly exposed Personal Information for upwards of 38 million drivers in California.

41. AFTS permitted Class members' Personal Information to be compromised by failing to take reasonable steps against an obvious threat.

42. As a result of the events detailed herein, Plaintiff and Class members suffered harm and loss of privacy, and will continue to suffer future harm, resulting from the Data Breach, including but not limited to: invasion of privacy; loss of privacy; loss of control over personal information and identities and the decrease in the value of this Personal Information; fraud and identity theft; unreimbursed losses relating to fraud and identity theft; loss of value and loss of possession and privacy of Personal Information; harm resulting from damaged credit scores and information; loss of time and money preparing for and resolving fraud and identity theft; loss of time and money obtaining protections against future identity theft; and/or nominal damages and other harm resulting from the unauthorized use or threat of unauthorized exposure of Personal Information.

## CLASS ALLEGATIONS

43. Plaintiff brings this action individually and as a class action on behalf of the following class pursuant to Federal Rule of Civil Procedure 23 (the "Class", "Class members"):

> All persons whose California motor vehicle registration information was the subject of the Data Breach and ransomware attack, excluding AFTS, its agents, subsidiaries affiliates, divisions and subdivisions, and employees, any member of the judiciary assigned to this action ("Action").

44. **Numerosity:** The members of the Class are so numerous that joinder of all of them is impracticable. The Class is estimated to include 38 million records held by millions of California drivers.

45. **Commonality:** There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

   a. whether AFTS engaged in the wrongful conduct alleged herein;
   b. whether AFTS knowingly disclosed Plaintiff's and other Class members' Personal Information for a purpose not permitted under the DPPA;

    c. whether AFTS violated the California Consumer Privacy Act (the "CPPA") by disclosing Plaintiff's and Class members' Personal Information;

    d. whether AFTS violated privacy rights under the California Constitution; and

    e. whether Plaintiff and Class members are entitled to damages, equitable relief, and other relief, and the amount of that relief.

46. **Typicality:** Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other Class member, was compromised in the Data Breach.

47. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's counsel are competent and experienced in litigating class actions.

48. **Predominance:** AFTS has engaged in a common course of conduct toward Plaintiff and Class members, in that Plaintiff and Class members' Personal Information was provided to AFTS, whose systems were then breached or hacked. The common issues arising from AFTS' conduct affecting Plaintiff and Class members, as described *supra*, predominate over any individualized issues. Adjudication of the common issues in a single action fulfills the important and desirable advantages of judicial economy.

49. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for AFTS. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

- 9 -
CLASS ACTION COMPLAINT

50. AFTS has acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

## CAUSES OF ACTION

### COUNT I
### Violations of the Driver's Privacy Protection Act
### 18 U.S.C. §§ 2721, *et seq.*

51. Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

52. The DPPA, 18 U.S.C. § 2722(a), prohibits any person, organization, or entity from knowingly obtaining or disclosing "personal information, from a motor vehicle record, for a purpose not permitted under [§ 2721(b) of the DPPA]."

53. The DPPA defines "motor vehicle record" to mean "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1).

54. The DPPA defines "personal information" to mean "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

55. AFTS knew Plaintiff's and other Class members' Personal Information was obtained from the California DMV.

56. In violation of the DPPA, AFTS knowingly disclosed the Personal Information of Plaintiff and approximately 38 million other Class members by storing that information on its systems without adequate protection.

57. Consistent with the manner in which they were programmed and configured by AFTS, AFTS's unsecured systems disclosed Plaintiff's and Class members' Personal Information to unauthorized individuals.

58. Pursuant to 18 U.S.C. § 2724(b), as a result of AFTS's violation of the DPPA, Plaintiff and Class members are entitled to actual damages, but not less than liquidated damages in the amount of $2,500.

## COUNT II
### Violations of California's Consumer Privacy Act
### Cal. Civ. Code § 1798.100, *et seq.* ("CCPA")

59. Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

60. California's Consumer Privacy Act recently was enacted to protect consumers' Personal Information from collection and use by businesses without appropriate notice and consent.

61. Through the above-detailed conduct, AFTS violated the CCPA by subjecting Class members' Personal Information to unauthorized access and exfiltration, theft, or disclosure as a result of AFTS's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature and protection of that information. Cal. Civ. Code § 1798.150(a).

62. In accordance with Cal. Civ. Code §1798.150(b), prior to the filing of this Complaint, Plaintiff's counsel served AFTS with notice of these CCPA violations by certified mail, return receipt requested.

63. On behalf of Class members, Plaintiff seeks injunctive relief in the form of an order enjoining AFTS from continuing to violate the CCPA. If AFTS fails to respond to Plaintiff's notice letter or agree to rectify the violations detailed above within thirty (30) days, Plaintiff also will seek actual, punitive, and statutory damages, restitution, attorneys' fees and costs, and any other relief the Court deems proper as a result of AFTS's CCPA violations.

///
///
///

CLASS ACTION COMPLAINT

# COUNT III
## Invasion of Privacy
### California Constitution, art. 1, § 1

64. Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

65. California established a right to privacy in Article 1, Section 1 of the California Constitution.

66. The State of California recognizes the tort of Intrusion into Private Affairs and adopts the definition of that tort set forth in the Restatement (Second) of Torts which states that one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

67. AFTS owed a duty to those whose Personal Information was provided to it, including Plaintiff and Class members, to keep their Personal Information confidential.

68. The intrusion was into a place or things, which was private and is entitled to be private. Plaintiff and Class members disclosed their Personal Information privately as part of their use of the California DMV's services, with the intention that the Personal Information would be kept confidential and would be protected from unauthorized disclosure. Plaintiffs and Class members were reasonable in their belief that such information would be kept private and would not be disclosed without their authorization.

69. The Data Breach constitutes an intentional interference with Plaintiff's and Class members' interest in solitude or seclusion, either as to their persons or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

70. AFTS acted with a knowing state of mind when it permitted the Data Breach and ransomware attack.

71. By failing to keep Plaintiff's and Class members' Personal Information safe, and by disclosing said information to unauthorized parties for unauthorized use, AFTS invaded Plaintiff's and Class members' privacy.

72. AFTS knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's and Class members' position would consider its actions highly offensive.

73. AFTS invaded Plaintiff's and Class members' right to privacy and intruded into Plaintiff's and Class members' private affairs by disclosing their Personal Information to unauthorized persons without their informed, voluntary, affirmative, and clear consent.

74. As a proximate result of such unauthorized disclosures, Plaintiff and Class members' reasonable expectations of privacy in their Personal Information was violated, and AFTS' conduct amounted to an invasion of Plaintiff's and Class members' protected privacy interests.

75. In failing to protect Plaintiff's and Class members' Personal Information, and in disclosing Plaintiff's and Class members' Personal Information, AFTS acted with malice and oppression and in conscious disregard of Plaintiff's and Class members' rights to have such information kept confidential and private.

76. Plaintiff seeks injunctive relief on behalf of the Class, restitution, and all other damages available under this Count.

## COUNT IV
### Negligence

77. Plaintiff realleges and incorporates all previous allegations as though fully set forth herein.

78. Defendant came into possession, custody, and/or control of personal and/or financial information of Plaintiff and Class members.

79. Defendant owed a duty to Plaintiff and to members of the Class to exercise reasonable care in safeguarding and securing the Personal Information of Plaintiff and Class members in its possession, custody, and/or control.

80. Defendant had a duty to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff's and Class members' Personal Information in its possession, custody,

and/or control.

81. Defendant had a duty to exercise reasonable care in timely notifying Plaintiff and

Class members of an unauthorized disclosure of Plaintiff's and Class members' Personal Information in its possession, custody, and/or control.

82. Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in safeguarding and securing the Personal Information of Plaintiff and Class members in its possession, custody, and/or control.

83. Defendant, through its negligent actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiff's and Class members' personal and/or financial information in its possession, custody, and/or control. The failure to do so, caused the Data Breach, was reasonably foreseeable as was the resultant harm caused to Plaintiff and the Class.

84. Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff and Class members by failing to exercise reasonable care in timely notifying Plaintiff and Class members of an unauthorized disclosure, theft and exfiltration of Plaintiff's and Class members' Personal Information in its possession, custody, and/or control.

85. Defendant's negligent and wrongful breach of duties owed to Plaintiff and Class members proximately caused an unauthorized disclosure of Plaintiff's and Class members' Personal Information in its possession, custody, and/or control

86. As a direct and proximate result of Defendant's negligent conduct, Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the Class, by and through undersigned counsel, respectfully requests that the Court grant the following relief:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint Plaintiff as class representative and undersigned counsel as class counsel;

B. Award Plaintiff and Class Members actual and statutory damages to the maximum extent allowable;

D. Award Plaintiff and Class Members pre-judgment and post-judgment interest;

E. Award Plaintiff and Class Members reasonable attorneys' fees, costs, and expenses; and

F. Award Plaintiff and Class Members such other relief as may be just and reasonable.

## JURY TRIAL DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on all claims so triable.

Dated: March 25, 2021

Respectfully submitted,

*/s/ Tina Wolfson*
TINA WOLFSON (SBN 174806)
*twolfson@ahdootwolfson.com*
ROBERT AHDOOT (SBN 172098)
*rahdoot@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 310.474.9111
Facsimile: 310.474.8585

ANDREW W. FERICH (*pro hac vice* to be filed)
*aferich@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: 310.474.9111

|   |   |
|---|---|
| 1 | Facsimile:   310.474.8585 |
| 2 | GARY S. GRAIFMAN (*pro hac vice* to be filed) |
|   | *ggraifman@kgglaw.com* |
| 3 | MELISSA R. EMERT (*pro hac vice* to be filed) |
|   | *memert@kgglaw.com* |
| 4 | **KANTROWITZ GOLDHAMER &** |
|   | **GRAIFMAN, P.C.** |
| 5 | 135 Chestnut Ridge Road |
|   | Montvale, New Jersey 07645 |
| 6 | Telephone: (201) 391-7000 |
| 7 | Facsimile:  (201) 307-0186 |
| 8 |   |
| 9 | *Attorneys for Plaintiff and the Proposed Class* |

- 16 -
CLASS ACTION COMPLAINT